UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARIA PEREZ-WEBBER and JOSSIE REYNOSO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:16-cv-00196-JAW |
| INTERCOAST CAREER INSTITUTE, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS TO DISMISS AND FOR
MORE DEFINITE STATEMENT**

Doing the same thing twice, one should expect the same result.[1]

**I.     BACKGROUND**

On April 6, 2016, the Plaintiffs, former students at the Nursing Program at InterCoast Career Institute (InterCoast), filed this civil action claiming that InterCoast failed to provide them the nursing education it had advertised was available. *Compl.* (ECF No. 1). The Plaintiffs alleged breach of contract, negligent misrepresentation, and fraud. *Id.* On May 4, 2016, InterCoast moved to dismiss the complaint and for a more definite statement. *Def.'s Mot. to Dismiss Compl. and/or*

---

[1] This sentence borrows from the quotation attributed to Albert Einstein that the definition of insanity is doing the same thing over and over again and expecting different results. The Court does not wish to disparage defense counsel and has cleansed the quotation.
    At the same time, the Court observes that the current motions are virtually identical to the *Mason* motions filed by InterCoast that the Court previously rejected, including the same typographical error in the heading of each: **Defendant's Motion to Dismiss Complaint and/or Motion for a Motion (sic) Definite Statement with Incorporated Memorandum of Law**.

*Mot. for a Mo[re] Definite Statement* (ECF No. 7) (*Def.'s Mot.*). The Plaintiffs responded on May 23, 2016. *Pls.' Opp'n to Def.'s Mot. to Dismiss* (ECF No. 9).

## II.     *Mason v. InterCoast Career Institute*, No. 2:14-cv-00377-JAW

This is not the Court's first ruling on a motion to dismiss and motion for more definite statement filed by InterCoast against a former nursing student's legal action on the same set of facts. On September 23, 2014, Courtney Mason filed a civil action against InterCoast alleging essentially the same underlying facts as form the basis of Ms. Perez-Webber's and Ms. Reynoso's allegations against InterCoast. *See Compl.*, *Mason v. InterCoast Career Inst.*, No. 2:14-cv-00377-JAW (D. Me. Sept. 23, 2014) (ECF No. 1) (*Mason Compl.*). Just as in this case, Ms. Mason has been represented by Attorneys Guy Loranger and Danielle Campbell; InterCoast has been represented by Attorney Frank K. N. Chowdry of Portland and Attorney Neil C. Evans of Sherman Oaks, California.

On March 4, 2015, the Court granted in part and denied in part InterCoast's motions. *Order on Def.'s Mot. to Dismiss and Mot. for More Definite Statement*, *Mason*, No. 2:14-cv-00377-JAW (ECF No. 13) (*Mason Order*). In *Mason*, the Plaintiff, a former nursing student like the Plaintiffs here, filed suit against InterCoast claiming that she did not receive the nursing education that InterCoast promised in its advertisements. *Mason Compl.* Courtney Mason, however, proceeded on the following legal theories: (1) retaliation under the Maine Whistleblowers' Protection Act, (2) breach of contract, (3) retaliation under the False Claims Act, (4) First Amendment retaliation, and (5) due process retaliation. *Id.* at 1-4. In her response

2

to InterCoast's motions to dismiss and for more definite statement, Ms. Mason did not oppose the dismissal of the Maine Whistleblowers' Protection Act and False Claims Act counts, but she objected to the dismissal of the remaining counts. *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss* at 3-10, *Mason*, No. 2:14-cv-00377-JAW (ECF No. 11). In its ruling, the Court granted the motion to dismiss as to the unopposed counts, but rejected InterCoast's motion to dismiss the breach of contract, First Amendment retaliation, and due process retaliation counts. *Mason Order* at 2, 8-9. The Court also declined to grant InterCoast's motion for more definite statement. *Id.* at 9-10.

### III. DISCUSSION

In its Order on InterCoast's motion to dismiss in the *Mason* case, the Court explained that in its view, Ms. Mason had alleged sufficient facts to withstand the motion, but more particularly, the Court observed:

> This Court declines to issue a dispositive ruling in favor of Intercoast at this early stage. Instead, it is preferable to allow the parties to engage in discovery and frame the legal issues in a motion for summary judgment.

*Id.* at 9. Similarly, in its *Mason* Order, the Court explained that "in the Court's view, there is nothing to be gained by forcing the Plaintiff to make a more definite statement of her claim in her Complaint." *Id.* at 10.

InterCoast proffered no reason the Court's ruling in *Mason* should not apply with equal force to essentially the same motions in this case. In fact, InterCoast did not even mention the Court's *Mason* Order in its motions in this case, much less make

3

any effort to distinguish *Mason*. *Def.'s Mot*. at 1-4. For the same reasons the Court denied InterCoast's motions in *Mason*, the Court denies them here.

## IV.   CONCLUSION

The Court DENIES InterCoast Career Institute's Motion to Dismiss and/or Motion for a [More] Definite Statement (ECF No. 7).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2016